**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KIMBERLY LEHMKUHL,<br><br>        *Plaintiff*,<br><br>    v.<br><br>KEYEN BLAKELY,<br><br>        *Defendant.* | Case No. 1:22-cv-1655 (TJK) |

## <u>DEFENDANT'S MOTION TO DISMISS THE COMPLAINT</u>

Defendant Keyen Blakely respectfully moves the Court under Fed. R. Civ. P. 12(b)(6) to dismiss Counts I, II, and III of the Complaint against him.  Plaintiff fails to allege facts sufficient to support a claim under the First, Fourth, or Fifth Amendments, and, even if she does, Defendant is entitled to qualified immunity on each of Plaintiff's constitutional claims.  And because Plaintiff has no viable federal claim, the Court should decline to exercise supplemental jurisdiction over Count IV, the sole common law claim.  The grounds for this motion are set forth in the accompanying memorandum of points and authorities.  A proposed order is also attached.

Date: September 16, 2022

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

/s/ *Matthew Trout*
MATTHEW TROUT [1030119]
STEVEN N. RUBENSTEIN [1013094]
Assistant Attorneys General
400 Sixth Street, N.W.
Washington, D.C. 20001
(202) 724-5695
(202) 724-6590 (fax)
matthew.trout1@dc.gov

*Counsel for Defendant*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KIMBERLY LEHMKUHL,

      *Plaintiff,*

   v.

KEYEN BLAKELY,

      *Defendant.*

Case No. 1:22-cv-1655 (TJK)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

**INTRODUCTION**

Plaintiff Kimberly Lehmkuhl complains of a single push, and from that single push she spins a variety of unfounded constitutional claims. Because the facts alleged do not support a claim under the First, Fourth, or Fifth Amendments, the Court should dismiss Counts I, II, and III of the Complaint. And even if Plaintiff sufficiently states any constitutional claim, Defendant Keyen Blakely is entitled to qualified immunity on each of Plaintiff's constitutional claims because he did not violate any clearly established law. Finally, because Plaintiff fails to plead any viable the federal claim, the Court should decline to exercise supplemental jurisdiction over the remaining District common law claim of battery.

**FACTS**

On December 2, 2021, Plaintiff arrived at the intersection of New Jersey Avenue and O Street NW around 6:30 a.m. Compl. ¶¶ 11–12. The public park at that intersection was the location of a planned encampment removal that day, scheduled in advance of the park's

redevelopment.[1]  *Id.* ¶ 11.  As plaintiff notes, "many public meetings were held in advance of the removal."  *Id.*  The park had been fenced off prior to the date of removal, although a gate was open when Plaintiff arrived.  *Id.* ¶ 14.

Approximately 30 minutes after Plaintiff arrived, around 7:05 a.m., about 20 members of the Metropolitan Police Department (MPD) arrived on scene.  *Id.* ¶ 13.  Beginning about an hour later, around 8:00 a.m., MPD barred anyone from entering the fenced-in area.  *Id.* ¶ 14.  Plaintiff, who arrived before this time, was still inside the fence.  *Id.* ¶ 16.  With the exception of two government officials, MPD did not let anyone else inside, and a small crowd of members of the public gathered to witness the removal from outside the fence.  *Id.* ¶ 15.

While inside the fence, Plaintiff filmed a District employee removing items from one of the tents in the encampment.  *Id.* ¶ 17.  While she was filming, another employee—Defendant Keyen Blakely, an Encampment Response Coordinator with the Office of the Deputy Mayor for Health and Human Services—approached Plaintiff and asked her to move.  *Id.* ¶ 19.  Plaintiff took only a few steps, and Blakely again requested that she move.  *Id.* ¶¶ 20, 22.  Plaintiff alleges that Blakely then "intentionally shoved her to the ground."  *Id.* ¶ 29.  After the alleged shove, Blakely reiterated that Plaintiff had to leave, stating "m[a]'am you got to go."  *Id.* ¶ 39.  The entire interaction between Blakely and Plaintiff lasted approximately 30 seconds.[2]  Plaintiff remained at the location for a few hours before leaving.  *Id.* ¶ 45.

---

[1]     The redevelopment plans are available at https://dgs.dc.gov/page/new-jersey-avenue-and-o-street-nw-park (last visited September 12, 2022).  The Court may take judicial notice of government websites without transforming the motion into one for summary judgment.  *Dastagir v. Blinken*, 557 F. Supp. 3d 160, 163 & n.3 (D.D.C. 2021).
[2]     Video of the incident is referenced by and incorporated into the Complaint.  *See* Compl. ¶ 17 (providing web link to Plaintiff's video footage).

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).  The Supreme Court has set forth a "two-pronged approach" that a trial court should use when ruling on a motion to dismiss under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*  Thus, the basic pleading standards "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).  Once the court has determined that the plaintiff has asserted "well-pleaded factual allegations," it "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*; *see also Atherton v. District of Columbia*, 567 F.3d 672, 681 (D.C. Cir. 2009).

## ARGUMENT

Plaintiff asserts three constitutional claims under the First, Fourth, and Fifth Amendments, but the facts alleged do not support a claim under any of these legal theories, and moreover, Blakely is entitled to qualified immunity on each of the three claims.

**I.     Plaintiff Fails to State Any Valid Constitutional Claim.**

**A.     Plaintiff Offers No Facts to Support a First Amendment Claim (Count I).**

To establish a First Amendment retaliation claim, Plaintiff must show "(1) [she] engaged in conduct protected under the First Amendment; (2) the defendant took some retaliatory action sufficient to deter a person of ordinary firmness in plaintiff's position from speaking again; and (3) a causal link between the exercise of a constitutional right and the adverse action taken

against him." *Aref v. Lynch*, 833 F.3d 242, 258 (D.C. Cir. 2016). Here, Plaintiff fails to allege facts to support the second and third prongs of this claim.

*First*, asking Plaintiff to leave multiple times followed by a single push is not "sufficient to deter a person of ordinary firmness in plaintiff's position" from engaging in the protected activity. *Id.* This is because Plaintiff was admittedly inside of a fenced-in area that police were prohibiting individuals from entering. Compl. ¶ 14. Indeed, Plaintiff herself was not deterred as she remained in the area for several hours. *Id.* ¶ 45. More importantly, the "small crowd" outside the fence was unaffected by Blakely's actions, and members of the public remained free to witness and even film the removal. *See id.* ¶ 15. Plaintiff does not allege that there were any other private citizens observing inside the fence, and Blakely was permitted to distinguish between the work area inside the fence from the area outside the fence where the crowd was gathered when determining where it was appropriate for citizens to observe and film. *See Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) ("[E]ven in a public forum the government may impose reasonable restrictions on the time, place, or manner of protected speech . . . .").

*Second*, Plaintiff offers no factual allegations that causally link her filming activity to the alleged push. "To satisfy the causation link, a plaintiff must allege that his or her constitutional speech was the 'but for' cause of the defendants' retaliatory action." *Doe v. District of Columbia*, 796 F.3d 96, 107 (D.C. Cir. 2015) (quotation omitted). But here, Plaintiff concedes that Blakely simply repeatedly asked her to move, *not* that he asked her to stop filming. Compl. ¶¶ 19, 22, 39. Plaintiff baldly alleges that Blakely was lying and that he "in fact wanted [Plaintiff] out so that she would stop videotaping." *Id.* ¶ 26. But she offers no facts to support this conclusion, nor does anything in Plaintiff's video footage suggest that Blakely had any concern with Plaintiff filming. The Court should not accept inferences, such as Blakely's alleged

4

motive, "that are unsupported by the facts set out in the complaint." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). And "mere conclusions[] are not entitled to the assumption of truth" at the motion to dismiss stage. *Iqbal*, 556 U.S. at 664. As a result, Plaintiff's conclusory allegations do not support causation, a required element of her retaliation claim.

Accordingly, the Court should dismiss Count I because Plaintiff fails to allege the necessary facts to support both the retaliatory action and the causation elements of a First Amendment retaliation claim.

B. **The Fourth Amendment Does Not Apply to Defendant's Actions (Count II).**

The Fourth Amendment prohibits "unreasonable seizures." U.S. Const. Amend. IV. To that end, the Fourth Amendment prohibits excessive force by law enforcement in connection with an "arrest, investigatory stop, or other 'seizure'" of a person. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The common-law definition of seizure incorporated into the Fourth Amendment "does not transform every physical contact between a government employee and a member of the public into a Fourth Amendment seizure. A seizure requires the use of force *with intent to restrain*." *Torres v. Madrid*, 141 S. Ct. 989, 998 (2021); *see also Graham*, 490 U.S. at 393 ("We reject this notion that all excessive force claims brought under § 1983 are governed by a single generic standard."). Force "applied for some other purpose" than to restrain thus does not implicate the Fourth Amendment's protections. *Torres*, 141 S. Ct. at 998.

Here, Plaintiff admits that Blakely did not intend to restrain her through the use of force. She admits that Blakely was not a police officer, Compl. ¶ 4, and otherwise lacked authority to arrest her. *Id.* ¶ 23. And she admits that Blakely told her multiple times to move elsewhere, including after the alleged push. *Id.* ¶¶ 19, 22, 39. That dooms her Fourth Amendment claim. Force applied to move a person out of the way—even if otherwise unlawful—simply does not

5

implicate the Fourth Amendment. *Torres*, 141 S. Ct. at 998. The Court should dismiss Count II of the Complaint accordingly.

> **C.** **Plaintiff Does Not Allege "Conscience-Shocking" Conduct Necessary to Support a Fifth Amendment Claim (Count III).**

Plaintiff also alleges that Blakely's single push violated her due process rights under the Fifth Amendment, but the facts alleged do not meet the high standard for such a claim, which requires extreme conduct that shocks the conscience. "Conscience-shocking conduct that violates due process usually takes the form of affirmative state action." *Estate of Phillips v. District of Columbia*, 455 F.3d 397, 403 (D.C. Cir. 2006). Whether conduct is conscience-shocking is context-dependent, and the Supreme Court has cautioned that "preserving the constitutional proportions of substantive due process demands an exact analysis of circumstances before any abuse of power is condemned as conscience shocking." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998). Moreover, "the constitutional concept of conscience shocking duplicates no traditional category of common-law fault." *Id.* at 848. Accordingly, substantive due process "does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." *Id.* (quoting *Daniels v. Williams*, 474 U.S. 327, 332 (1986)).

In that vein, the D.C. Circuit has adopted the "sensible guidelines" set forth in *Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973), for evaluating substantive due process excessive force claims. *Norris v. District of Columbia*, 737 F.2d 1148, 1150 (D.C. Cir. 1984). Under those guidelines, courts "look to such factors as (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of injury inflicted, and (4) whether force was applied in a good faith effort to maintain or restore discipline

6

or maliciously and sadistically for the very purpose of causing harm." *Id.* (quoting *Glick*, 481 F.2d at 1033).[3]

Applying these four factors to the facts alleged in the Complaint, Blakely's conduct was not conscience-shocking. *First*, Plaintiff was inside a fenced area that police had barred people from entering while a crew worked to remove the encampment, and Plaintiff did not move any significant distance after being asked to move twice. Compl. ¶¶ 19, 20, 22.[4] *Second*, the amount of force alleged—a single push—was minimal. *Third*, Plaintiff alleges no injury. Indeed, the video incorporated into her Complaint does not show any injury, and she alleges that she remained at the location for hours after the incident before going home rather than seeking any medical attention. *Id.* ¶¶ 17, 45. *And fourth*, there is no evidence that Blakely intended anything other than to clear the area while work was being done, a good faith effort to maintain the safety of the fenced-in area. As Plaintiff admits, Blakely asked her multiple times to move. *Id.* ¶¶ 19, 20, 22. In sum, each of the four factors supports dismissal of Plaintiff's due process claim.

What is more, courts have repeatedly held that a single push or shove does not rise to the level of conscience-shocking behavior under *any* circumstances. *See, e.g.*, *Truong v. Hassan*, 829 F.3d 627, 629 (8th Cir. 2016) (holding that it was not conscience-shocking for bus driver to

---

[3]     In *Graham v. Connor*, the Supreme Court rejected this test as applied to other claims of excessive force under the Fourth and Eighth Amendments. 490 U.S. at 395. However, the test remains applicable to due process claims. *See, e.g.*, *Moore v. District of Columbia*, 79 F. Supp. 3d 121, 133 & n.13 (D.D.C. 2015).

[4]     Plaintiff remarkably suggests that because Blakely was not a police officer, he lacked the authority even to ask her to leave. Compl. ¶ 27. But Plaintiff acknowledges that at the time of the incident, the park was closed—a fence had been erected and police were preventing the public from entering. *Id.* ¶ 14. And private citizens, much less government officials, have the authority to eject trespassers from their property. *Saidi v. United States*, 110 A.3d 606, 611 (D.C. 2015) ("We have long held that a person lawfully in possession of real property is privileged at common law to use a reasonable amount of force to eject a trespasser from the property . . . ."). The fact that Blakely could not have *arrested* Plaintiff is of no moment.

push non-paying passenger off the bus); *Williams v. Berney*, 519 F.3d 1216, 1223 (10th Cir. 2008) ("An assault—standing alone—does not suffice to make out a constitutional substantive due process claim."); *Cockrell v. Sparks*, 510 F.3d 1307, 1312 (11th Cir. 2007) (holding that a push that caused plaintiff to fall, breaking his wrist and hip and lacerating his ear, was not conscience-shocking); *Cummings v. McIntire*, 271 F.3d 341, 345 (1st Cir. 2001) (holding that "a hard shove accompanied by abusive language" was not conscience-shocking); *Gottlieb ex rel. Calabria v. Laurel Highlands Sch. Dist.*, 272 F.3d 168, 175 (3d Cir. 2001) (holding that a teacher's push of a student into a door jamb was not conscience-shocking).  Because Plaintiff only alleges a single push, she does not allege facts that support a Fifth Amendment substantive due process claim.  The Court should thus dismiss Count III of the Complaint.

## II.     Defendant Is Entitled to Qualified Immunity (Counts I, II, and III).

Even if Plaintiff alleges sufficient facts to state a constitutional claim, Blakely is still entitled to dismissal because his conduct did not violate clearly established law.  Accordingly, qualified immunity shields his conduct from liability.

### A.     Qualified Immunity Standard

Government officials are entitled to qualified immunity under § 1983 unless (1) they violated a federal constitutional right, and (2) the unlawfulness of their conduct was "clearly established at the time." *Reichle v. Howards*, 566 U.S. 658, 664 (2012).  "Clearly established" means that, at the time of the official's conduct, the law was "sufficiently clear that every reasonable official would understand that what he is doing" is unlawful. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).  "[I]n order for the law to be clearly established, there must be a Supreme Court or Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Doe*, 796 F.3d at 104 (alteration

omitted).  Additionally, the Supreme Court has repeatedly cautioned against defining "clearly established law at too high a level of generality."  *City of Tahlequah v. Bond*, 142 S.Ct. 9, 11 (2021) (per curiam).  In other words, existing law must have placed the constitutionality of the employee's conduct "beyond debate."  *al-Kidd*, 563 U.S. at 741.  This demanding standard protects "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

### B.    First Amendment (Count I)

It is not clearly established that, in the context of an encampment removal in a fenced-in area, Blakeley's multiple requests for Plaintiff to move, followed by a single push, violated any clearly established First Amendment right.  This is particularly so where, as here, Plaintiff was inside a fenced-in area that police were preventing others from entering, and other observers were gathered outside the fence.  No authority establishes that Plaintiff had a right to be inside the fence filming or that asking her to leave and even pushing her would deter the ordinary person outside the fence from filming.  And Plaintiff does not allege that anyone requested that she stop filming.

Moreover, even authorities establishing the right to film public officials have recognized the limitations of that right.  *Glik v. Cunniffe*, 655 F.3d 78, 84 (1st Cir. 2011) ("To be sure, the right to film is not without limitations.  It may be subject to reasonable time, place, and manner restrictions.").  And cases outside of the police context offer limited guidance.  For example, the Third Circuit has held that a right to record public proceedings did not necessarily extend to a right to videotape such proceedings.  *Whiteland Woods, L.P. v. Township of West Whiteland*, 193 F.3d 177, 183 (3d Cir. 1999).  And in *S.H.A.R.K. v. Metro Parks Service Summit County*, the Sixth Circuit held that the plaintiff had no right to film deer culling by leaving cameras inside a

9

closed park.  499 F.3d 553 (2007).  In sum, "the cases addressing the right of access to information and the right of free expression do not provide a clear rule regarding First Amendment rights to obtain information by videotaping under the circumstances presented here."  *Kelly v. Borough of Carlisle*, 622 F.3d 248, 262 (3d Cir. 2010).  Based on these authorities, and the absence of authority on point in this Circuit or the Supreme Court, Blakely is to qualified immunity on Count I.

### C.      Fourth Amendment (Count II)

As noted above, the Fourth Amendment does not apply to Blakely's actions.  *A fortiori*, it was not clearly established that his conduct violated the Fourth Amendment.  But even if the Fourth Amendment did somehow apply, it was not clearly established that the amount of force Blakely used was excessive.  In the Fourth Amendment context, specificity is "especially important" when determining whether law is clearly established because it is "sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts."  *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (internal quotation omitted).  No authority clearly establishes that a single push inside a fenced-off area where workers were removing an encampment was excessive.  Accordingly, Blakely is entitled to qualified immunity on Count II.

### D.      Fifth Amendment (Count III)

Finally, it is not clearly established that Blakely's conduct amounted to "conscience-shocking" behavior.  Indeed, as noted above, the seemingly unanimous weight of authority states the exact opposite—that a single push is *not* conscience-shocking.  To the extent there is any ambiguity on that point, it can hardly be said that the "weight of authority from other courts [has] found the law to be as the plaintiff maintains."  *Doe*, 796 F.3d at 104.  Because the weight of

10

authority contradicts rather than establishes Plaintiff's position, it is not clearly established that Blakely's conduct violated Plaintiff's substantive due process rights. *See id.* Accordingly, Blakely is entitled to qualified immunity on Count III.

### III.    Because Plaintiff's Constitutional Claims Fail, the Court Should Decline to Exercise Supplemental Jurisdiction over Plaintiff's Common Law Battery Claim (Count IV).

Because Plaintiff fails to state any constitutional claim, the Court should decline to exercise supplemental jurisdiction over the remaining common law battery claim. *See* 28 U.S.C. § 1367(c)(3). "A district court may choose to retain jurisdiction over, or dismiss, pendent state law claims after federal claims are dismissed." *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005) (citing 28 U.S.C. § 1367(c)(3); *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265-66 (D.C. Cir. 1995)). However, "in the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

This case is a quintessential "usual case," *id.*—proceedings in this Court have only just begun, and because discovery has not commenced, "the investment of resources has not been so great as to warrant retaining jurisdiction at this stage." *Mitchell v. Yates*, 402 F. Supp. 2d 222, 235 (D.D.C. 2005). Accordingly, the Court should decline to exercise supplemental jurisdiction over Count IV of the Complaint.

### CONCLUSION

For these reasons, the Court should grant Defendant's motion and dismiss Counts I, II, and III of the Complaint with prejudice and decline to exercise supplemental jurisdiction over Count IV.

11

Date: September 16, 2022

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

/s/ *Matthew Trout*
MATTHEW TROUT [1030119]
STEVEN N. RUBENSTEIN [1013094]
Assistant Attorneys General
400 Sixth Street, N.W.
Washington, D.C. 20001
(202) 724-5695
(202) 724-6590 (fax)
matthew.trout1@dc.gov

*Counsel for Defendant*

12

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

KIMBERLY LEHMKUHL,

　　　　*Plaintiff*,

　　v.

KEYEN BLAKELY,

　　　　*Defendant.*

Case No. 1:22-cv-1655 (TJK)

**ORDER**

　　Upon consideration of Defendant's Motion to Dismiss the Complaint, any opposition and reply thereto, and the entire record herein, it is this _____day of _____ 2022 hereby,

　　**ORDERED** that Defendant's Motion is **GRANTED**; and it is further

　　**ORDERED** that Counts I, II, and III of the Complaint are **DISMISSED WITH PREJUDICE**; and it is further

　　**ORDERED** that the Court declines to exercise supplemental jurisdiction over Count IV of the Complaint.

　　**SO ORDERED**.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　TIMOTHY J. KELLY
　　　　　　　　　　　　　　　　United States District Judge